(C.R.D. 76–2)

S.G.B. STEEL SCAFFOLDING AND SHORING CO., INC. *v.* UNITED STATES

Court Nos. 72-2-00394 and 73-6-01355

(Dated March 22, 1976)

*Siegel, Mandell & Davidson* (*Stephen M. Zelman* of counsel) for the plaintiff.
*Rex E. Lee,* Assistant Attorney General (*Ira J. Grossman,* trial attorney), for the defendant.

NEWMAN, Judge: This action is before the court on plaintiff's motion for summary judgment under rule 8.2. Defendant opposes the motion on the ground that there exists a material issue of fact that requires resolution by a trial.

The record in *S.G.B. Steel Scaffolding & Shoring Co., Inc.* v. *United States,* 70 Cust. Ct. 158, C.D. 4423, 361 F. Supp. 631 (1973), has been incorporated pursuant to plaintiff's motion. Additionally, both parties have submitted affidavits: Plaintiff's affidavit by Richard J. Hlavac, chief engineer of S.G.B. Universal Co., Inc; defendant's affidavit by Albert A. Lotters, a consulting structural engineer with the General Services Administration.

Predicated upon a study of the incorporated record and the affidavits submitted by the parties, I have concluded that there exists a genuine issue as to a material fact for trial. Accordingly, plaintiff's motion is denied.

The issue for determination concerns the proper tariff classification of so-called "shore frame systems" imported from Great Britain during 1970 and 1971 at the port of New York. Such systems comprise a number of structural components which are assembled and used at a construction site of a building for temporarily supporting concrete formwork into which a reinforced concrete slab is poured. After the concrete slab has acquired sufficient strength to carry its own load, the formwork and the supporting shore frame system are lowered and removed from the job site for use again where another concrete slab is to be poured. There is no dispute that the shore frame systems in the present case are similar in all material respects to those which were the subject of the prior *S.G.B.* case (the record of which has been incorporated).

Here, the shore frame systems were classified by the regional commissioner of customs under item 657.20 of the Tariff Schedules of the United States, as modified by T.D. 68–9, and assessed with duty at the rate of 13 or 11 per centum ad valorem, depending upon the date of entry. Plaintiff claims that the merchandise is properly dutiable under item 652.98, TSUS, at the rate of 9.5 per centum ad valorem. The pertinent statutory provisions are:

Classified under:

Articles of iron or steel, not coated or
plated with precious metal:

\*   \*   \*   \*   \*   \*   \*

Other articles:

\*   \*   \*   \*   \*   \*   \*

657. 20      Other_____ 13% or 11% ad val. [depending on date of entry]

Claimed under:

Hangars and other buildings, bridges, bridge sections, lock-gates, towers, lattice masts, roofs, roofing frameworks, door and window frames, shutters, balustrades, columns, pillars, and posts, and other structures and parts of structures, all the foregoing of base metal:

\*   \*   \*   \*   \*   \*   \*

652.98      Other_____ 9.5% ad val.

Plaintiff contends that as a matter of law the imports are classifiable as "other structures and parts of structures" within the purview of the superior heading to items 652.90–652.98, and are properly dutiable

under the basket provision, item 652.98. Defendant, on the other hand, argues that a material question of fact exists as to whether shore frame systems are "structures" in a commercial sense, viz., in the construction industry.

Since the merchandise was classified under the "basket" provision for metal articles which are not more specifically provided for elsewhere in the tariff schedules, the sole issue on the merits is whether the shore frame systems are specifically provided for in item 652.98. Thus, the fundamental inquiry is the determination of the meaning of "structures" at the time TSUS item 652.98 was enacted. Significantly, the Court of Customs and Patent Appeals, in determining the meaning of the term "Christmas-tree lamps" in item 686.30, very recently held: "In determining such meaning, it is to be kept in mind that in a tariff statute Congress ordinarily employs terms in their commercial sense". *Esco Manufacturing Co., aka J. Hofert Co.* v. *United States*, 63 CCPA71, C.A.D. 1167, 530 F. 2d 949 (1976). And even though testimony does not prove a commercial designation of a term which differs from its common meaning, if as here, the common meaning of a term is indefinite,[1] it is proper for the court to consider the interpretation commonly placed upon it by the particular industry involved. *United States* v. *Colonial Commerce Co., Ltd., P. John Hanrahan, Inc.*, 44 CCPA 18, C.A.D. 629 (1956). See also *United States* v. *National Silver Co.*, 59 CCPA 64, C.A.D. 1040, 455 F. 2d 593 (1972); and *Atlantic Aluminum & Metal Distributors, Inc.* v. *United States*, 47 CCPA 88, C.A.D. 735 (1960).

In the prior *S.G.B.* case, the shore frame systems were classified under item 657.20, TSUS, and were claimed by plaintiff to be dutiable under item 664.10 as jacks or lifting machinery or parts thereof. The court overruled plaintiff's claim, and did not decide the present question of whether the shore frame systems were classifiable under item 652.98.[2] In the present case, plaintiff has incorporated the record in the prior *S.G.B.* case, and relies upon certain references therein to shore frame systems as "structures". Additionally, plaintiff relies upon the affidavit of Mr. Hlavac stating, *inter alia*, that in his work as an engineer he frequently heard a shore frame system referred to as a "structure" and as a "shore tower".

---

[1] For example, plaintiff cites *Webster's Third New International Dictionary of the English Language* (1968), which defines "structure" as follows: "2(b) something made up of more or less interdependent elements or parts; something having a definite or fixed pattern or organization". While conceding that the foregoing definition embraces shore frame systems, defendant insists that the definition is "so broad as to be virtually meaningless". Thus, defendant observes that such definition could also apply to such diverse things as the human anatomy, ball-point pens, corporations, and governmental organizations.

[2] The court did, however, note in dictum that the superior heading to items 652.90–652.98 and heading 73.21 of the Brussels Nomenclature contain "substantially similar language", and that the Brussels provision is intended to encompass adjustable or telescopic props and similar equipment used in scaffolding. 70 Cust. Ct. at 165.

In opposition to plaintiff's motion, defendant has submitted Mr. Lotters' affidavit stating, *inter alia*, that in his entire career as a structural engineer, which dated back to 1935, he "never heard a shore referred to as a structure"; and further, in the field of structural engineering, the term "structure" is not applied to shoring used as temporary supports during construction projects.

In sum, testimony establishing whether or not at the time of the enactment of the tariff schedules the term "structure" in its commercial sense applied to shore frame systems is clearly germane. Plainly, on this point the affidavits of the parties are sharply conflicting. Under these circumstances, I am persuaded that there exists a genuine issue as to a material fact requiring a trial, as urged by defendant, and therefore plaintiff's motion for summary judgment is denied.